# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 17-516V
Filed: August 6, 2020
Refiled in Redacted Form: September 18, 2020
UNPUBLISHED

| | |
|---|---|
| S.B., <br><br>    Petitioner, <br>v. <br><br>SECRETARY OF HEALTH AND HUMAN SERVICES, <br><br>    Respondent. | Special Master Horner <br><br> Damages Decision Based on Proffer; Influenza (Flu) Vaccine; Tetanus Diphtheria, Acellular Pertussis (Tdap); Shoulder Injury Related to Vaccine Administration (SIRVA) |

*Amber Diane Wilson, Wilson Science Law, Washington, DC for petitioner.*
*Linda Sara Renzi, U.S. Department of Justice, Washington, DC, for respondent.*

## **DECISION AWARDING DAMAGES**[1]

  On April 12, 2017, petitioner filed a petition for compensation, under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleged that her receipt of the influenza ("flu") and tetanus, diphtheria, acellular pertussis ("Tdap") vaccinations on February 4, 2016 caused her to suffer a left shoulder injury related to vaccine administration ("SIRVA"). (ECF No. 1.) This case was first assigned to the Special Processing Unit ("SPU"). On March 5, 2019, a ruling on entitlement was issued finding petitioner entitled to compensation for her left shoulder injury. (ECF No. 51.) On December 5, 2019, this case was reassigned to my docket. (ECF No. 67.)

  On August 6, 2020, respondent filed a proffer on award of compensation ("Proffer") indicating petitioner should be awarded: a lump sum payment of

---

[1] I intend to post this decision on the United States Court of Federal Claims' website. **This means the decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access. Because this unpublished decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

$417,516.17, representing compensation for life care expenses expected to be incurred during the first year after judgment ($2,698.72), lost earnings ($266,908.86), pain and suffering ($137,500.00), and past unreimbursable expenses ($10,408.59), in the form of a check payable to S.B.; and an amount sufficient to purchase the annuity contract as described in the Proffer.  Proffer at 3.  In the Proffer, respondent represented that petitioner agrees with the proffered award.  *Id.* at 2.  Based on the record as a whole, I find that petitioner is entitled to an award as stated in the Proffer.

Accordingly, pursuant to the terms stated in the attached Proffer and accompanying Appendix, **I award:**

- **A lump sum payment of $417,516.17, representing compensation for life care expenses expected to be incurred during the first year after judgment ($2,698.72), lost earnings ($266,908.86), pain and suffering ($137,500.00), and past unreimbursable expenses ($10,408.59), in the form of a check payable to petitioner; and**

- **An amount sufficient to purchase the annuity contract described in the attached Proffer at Section II.B.**

These amounts represent compensation for all damages that would be available under §15(a).

The clerk of the court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

**s/Daniel T. Horner**
Daniel T. Horner
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

# IN THE UNITED STATES COURT OF FEDERAL CLAIMS
## OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| [S.B.], <br><br> Petitioner, <br><br> v. <br><br> SECRETARY OF HEALTH AND HUMAN SERVICES, <br><br> Respondent. | No. 17-516V <br> **Special Master Horner** <br> ECF |

## RESPONDENT'S PROFFER ON AWARD OF COMPENSATION

On April 12, 2017, [S.B.] ("petitioner") filed a petition for compensation under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 to -34 ("Vaccine Act" or "Act"), alleging that she suffered a left shoulder injury related to vaccine administration ("SIRVA) as a result of influenza ("flu") and Tetanus, diphtheria, acellular pertussis ("Tdap) vaccinations she received on February 4, 2016. Petition at 1. On February 28, 2019, the Secretary of Health and Human Services ("respondent") filed a Rule 4(c) Report indicating that this case is appropriate for compensation under the terms of the Act for a SIRVA Table injury, and on March 5, 2019, the Court issued a Ruling on Entitlement finding petitioner entitled to compensation. ECF No. 50; ECF No. 51.

**I.    Items of Compensation**

    A.    Life Care Items

Petitioner submitted evidence of future vaccine-injury related life care needs. For the purposes of this proffer, the term "vaccine related" is as described in the respondent's Rule 4(c) Report. All items of compensation identified as vaccine related are supported by the evidence,

and are illustrated by the chart entitled Appendix A: Items of Compensation for [S.B.], attached hereto as Tab A.[1]  Respondent proffers that petitioner should be awarded all items of compensation identified as vaccine related and illustrated by the chart attached at Tab A. Petitioner agrees.

      B.      Lost Earnings

The parties agree that based upon the evidence of record, [S.B.] has suffered past loss of earnings and will suffer a loss of earnings in the future.  Therefore, respondent proffers that petitioner should be awarded lost earnings as provided under the Vaccine Act, 42 U.S.C. § 300aa-15(a)(3)(A).  Respondent proffers that the appropriate award for [S.B.]'s lost earnings is $266,908.86.  Petitioner agrees.

      C.      Pain and Suffering

Respondent proffers that petitioner should be awarded $137,500.00 in actual and projected pain and suffering.  This amount reflects that any award for projected pain and suffering has been reduced to net present value.  See 42 U.S.C. § 300aa-15(a)(4).  Petitioner agrees.

      C.      Past Unreimbursable Expenses

Evidence supplied by petitioner documents her expenditure of past unreimbursable expenses related to her vaccine-related injury.  Respondent proffers that petitioner should be awarded past unreimbursable expenses in the amount of $10,408.59.  Petitioner agrees.

---

[1] The chart at Tab A illustrates the annual benefits provided by the life care plan.  The annual benefit years run from the date of judgment up to the first anniversary of the date of judgment, and every year thereafter up to the anniversary of the date of judgment.

**II.     Form of the Award**

The parties recommend that the compensation provided to petitioner should be made through a combination of lump sum payments and future annuity payments as described below, and request that the Special Master's decision and the Court's judgment award the following:[2]

A.  A lump sum payment of $417,516.17, representing compensation for life care expenses expected to be incurred during the first year after judgment ($2,698.72), lost earnings ($266,908.86), pain and suffering ($137,500.00), and past unreimbursable expenses ($10,408.59), in the form of a check payable to petitioner, [S.B.].

B.  An amount sufficient to purchase an annuity contract,[3] subject to the conditions described below, that will provide payments for the life care items identified as vaccine related, as illustrated by the chart at Tab A, attached hereto, paid to the life insurance company[4] from

---

[2] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief.  In particular, respondent would oppose any award for future medical expenses, future lost earnings, and future pain and suffering.

[3] In respondent's discretion, respondent may purchase one or more annuity contracts from one or more life insurance companies.

[4] The Life Insurance Company must have a minimum of $250,000,000 capital and surplus, exclusive of any mandatory security valuation reserve.  The Life Insurance Company must have one of the following ratings from two of the following rating organizations:

    a.  A.M. Best Company:  A++, A+, A+g, A+p, A+r, or A+s;

    b.  Moody's Investor Service Claims Paying Rating:  Aa3, Aa2, Aa1, or Aaa;

    c.  Standard and Poor's Corporation Insurer Claims-Paying Ability Rating:  AA-, AA, AA+, or AAA;

    d.  Fitch Credit Rating Company, Insurance Company Claims Paying Ability Rating:  AA-, AA, AA+, or AAA.

which the annuity will be purchased.[5]  Compensation for Year Two (beginning on the first anniversary of the date of judgment) and all subsequent years shall be provided through respondent's purchase of an annuity, which annuity shall make payments directly to petitioner, [S.B.] only so long as petitioner is alive at the time a particular payment is due.  At the Secretary's sole discretion, the periodic payments may be provided to petitioner in monthly, quarterly, annual or other installments.  The "annual amounts" set forth in the chart at Tab A describe only the total yearly sum to be paid to petitioner and do not require that the payment be made in one annual installment.

    1.    <u>Growth Rate</u>

Respondent proffers that a four percent (4%) growth rate should be applied to all life care items.  Thus, the benefits illustrated in the chart at Tab A that are to be paid through annuity payments should grow as follows: four percent (4%) compounded annually from the date of judgment.

    2.    <u>Life-contingent annuity</u>

Petitioner will continue to receive the annuity payments from the Life Insurance Company only so long as she, [S.B.] is alive at the time that a particular payment is due.  Written notice shall be provided to the Secretary of Health and Human Services and the Life Insurance Company within twenty (20) days of [S.B.]'s death.

    3.    <u>Guardianship</u>

Petitioner is a competent adult.  Evidence of guardianship is not required in this case.

---

[5] Petitioner authorizes the disclosure of certain documents filed by the petitioner in this case consistent with the Privacy Act and the routine uses described in the National Vaccine Injury Compensation Program System of Records, No. 09-15-0056.

**III.**   **Summary of Recommended Payments Following Judgment**

    A.   Lump Sum paid to petitioner, [S.B.]:   **$417,516.17**

    B.   An amount sufficient to purchase the annuity contract described above in section II.B.

Respectfully submitted,

ETHAN P. DAVIS
Acting Assistant Attorney General

C. SALVATORE D'ALESSIO
Acting Director
Torts Branch, Civil Division

CATHARINE E. REEVES
Deputy Director
Torts Branch, Civil Division

DARRYL R. WISHARD
Assistant Director
Torts Branch, Civil Division

<u>s/Linda S. Renzi</u>
LINDA S. RENZI
Senior Trial Counsel
Torts Branch, Civil Division
U. S. Department of Justice
P.O. Box l46, Benjamin Franklin Station
Washington, D.C.  20044-0146
Tel:  (202) 616-4133

Dated:  August 5, 2020

5

**Appendix A: Items of Compensation for [S.B.]**  Page 1 of 1

| ITEMS OF COMPENSATION | G.R. | * | M | Lump Sum Compensation Year 1 | Compensation Years 2-22 |
|---|---|---|---|---|---|
| | | | | 2020 | 2021-2041 |
| Primary Care Physician Co-pays | 4% | * | | 50.00 | 50.00 |
| Pain Management Co-pays | 4% | * | | 140.00 | 140.00 |
| Prescription Medications | 4% | * | M | 2,508.72 | 2,508.72 |
| Lost Earnings | | | | 266,908.86 | |
| Pain and Suffering | | | | 137,500.00 | |
| Past Unreimbursable Expenses | | | | 10,408.59 | |
| Annual Totals | | | | 417,516.17 | 2,698.72 |

Note: Compensation Year 1 consists of the 12 month period following the date of judgment.
Compensation Year 2 consists of the 12 month period commencing on the first anniversary of the date of judgment.
As soon as practicable after entry of judgment, respondent shall make the following payment to petitioner for Yr 1
life care expenses ($2,698.72), lost earnings ($266,908.86), pain and suffering ($137,500.00), and past
unreimbursable expenses ($10,408.59): $417,516.17.
Annual amounts payable through an annuity for future Compensation Years follow the anniversary of the date of judgment.
Annual amounts shall increase at the rates indicated above in column G.R., compounded annually from the date of judgment.
Items denoted with an asterisk (*) covered by health insurance and/or Medicare.
Items denoted with an "M" payable in twelve monthly installments totaling the annual amount indicated.